### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 19-cv-02694-REB-NRN

AARON T. WILLIAMS AND KARENA A. WILLIAMS,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

This matter is before me on **Defendant American Family Mutual Insurance Company's Motion for Summary Judgment** [#39][1] filed July 17, 2020.  The plaintiffs filed a response [#40], and the defendant filed a reply [#41].  I grant the motion on the issues of standing and real party in interest.  I deny the balance of the motion as moot.

## I.  JURISDICTION

I have jurisdiction over this matter under 28 U.S.C. § 1332 (diversity).

## II.  STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled

---

[1] "[#39]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

to judgment as a matter of law.[2]  **FED. R. CIV. P.** 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine factual dispute.  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  *Id* at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 120 S.Ct. 334 (1999); *Nutting v. RAM Southwest, Inc.*, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III.  BACKGROUND & UNDISPUTED FACTS

The plaintiffs, Aaron and Karena Williams, brought this suit against the defendant,

---

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the papers. *Cf.* **FED. R. CIV. P. 56(a)**. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that any hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

American Family Mutual Insurance Company.  The Williams' house was damaged in a hail and wind storm on June 19, 2018.  They had a homeowners insurance policy with American Family.  The Williams allege that American Family has not properly adjusted their claim nor paid them all of the insurance coverage to which they are entitled under the American Family policy.  In their amended complaint [#14], the Williams assert claims for breach of contract, common law bad faith, and a statutory claim for unreasonable delay or denial of insurance benefits.  The plaintiffs bring all of their claims under Colorado law.

The plaintiffs hired Infinity Restoration as their roofing contractor.  On June 13, 2019, the plaintiffs entered into an Assignment of Insurance Benefits and Insurance Claim with Infinity Restoration. *Motion* [#39], Exhibit K [#39-11]. Under the terms of the assignment, the Williams assigned

> to Infinity Restoration, all of the Customer's rights and interest and benefits in the insurance claim(s) under Customer's American Family Mutual Insurance Company, SI insurance policy no. 05BS457001 claim 01001425127 covering the recent wind and hail loss sustained at the Customer's properly on 6/19/2018 . . . .

*Id*. The assignment "includes any and all rights of the Customer to collect the proceeds to be paid under the claim from customer's insurance company." *Id*. In addition, the "assignment covers insurance proceeds for all contractual and extra contractual damages." *Id*.

In the Statement of Undisputed Facts section of the motion for summary judgment [#39], American Family describes the assignment, cites Exhibit K, and asserts that the plaintiffs did not cancel or attempt to cancel the assignment. *Motion* [#39], p. 7, ¶ 17 & fn. 2.  In their response [#40], the plaintiffs admitted that these facts are true. *Response* [#40], p. 3.

Based on the assignment, American Family contends the plaintiffs are not the real

3

party in interest as to the claims in this suit and, therefore, the plaintiffs do not have standing to bring these claims. Infinity Restoration was named as a plaintiff in the initial complaint [#4]. However, Infinity Restoration was not named as a plaintiff in the operative complaint, the plaintiffs' first amended complaint [#14]. The plaintiffs have not addressed in their filings the issues of real party in interest or standing.

## IV. ANALYSIS

### A. Standing & Real Party Interest

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). A party has standing to prosecute a suit in federal court only if he or she is the real party in interest. ***United States v. 936.71 Acres of Land***, 418 F.2d 551, 556 (5th Cir.1969). American Family contends the plaintiffs are not the real party in interest because they assigned to Infinity their rights to recover on their insurance claim.

Whether a party is a real party in interest depends on the substantive rights of the party. In a diversity case, such as this case, those rights are determined under state law. ***American Fidelity & Casualty Co. v. All American Bus Lines, Inc.***, 179 F.2d 7 (10th Cir.1949); ***Hoeppner Const. Co. v. U.S. for Use of Mangum***, 287 F.2d 108, 111 (10th Cir. 1960). Under Colorado law, the "real party in interest is the party who, by virtue of the substantive law, has the right to invoke the aid of the court to vindicate the legal interest in question." ***King Airway Co v. Public Trustee of Routt Cty., Colo.***, 1997 WL 186256, at *4 (10th Cir. Apr. 17, 1997) (unpublished) (quoting ***Steiger v. Burroughs***, 878 P.2d 131, 135 (Colo. App. 1994)). "[I]f a claim has been assigned in full, the assignee is the real party in interest with the right to maintain an action thereon." ***Edis v. Edis***, 742 P.2d 954, 955 (Colo. App. 1987).

The undisputed facts evidenced in the record show that the plaintiffs unconditionally

4

assigned to Infinity Restoration all of their rights, interest, and benefits in the insurance claim at issue in this case.  Thus, I conclude that the plaintiffs are not the real party in interest and they do not have standing to bring this lawsuit.  Infinity Restoration is the only entity which could be a real party in interest in this case.  However, Infinity Restoration was dropped as a party when the plaintiffs filed the operative complaint, the plaintiffs' first amended complaint [#14].

B.  Rule 17(a)(3) & Substitution

Fed. R. Civ. P. 17(a)(3) provides:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

A literal reading of Rule 17(a)(3) would "appear to require that a party always be given a reasonable time to substitute the real party in interest when an objection has been made," but such a literal reading may lead to conduct violating the spirit of the Federal Rules of Civil Procedure. ***Esposito v. United States***, 368 F.3d 1271, 1275 (10th Cir. 2004). Therefore, the United States Court of Appeals for the Tenth Circuit looks to the Advisory Committee Notes to "provide parameters for [Rule 17(a)(3)'s] application." *Id*. The Advisory Committee Notes indicate that substitution is only required when necessary to prevent a forfeiture or injustice. *Id*. (citing Fed. R. Civ. P. 17 advisory committee's note to 1966 amendment).

In determining whether substitution should be allowed, a court is to look to "whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was 'honest'), and [ ] whether the defendant was prejudiced thereby." *Id*. at 1276.  Even if a mistake should have been obvious to the plaintiff, a substitution is not automatically

5

foreclosed if the plaintiff did not act in bad faith and the defendant was not prejudiced. ***Metro. Paving Co. v. Int'l Union of Operating Eng'rs***, 439 F.2d 300, 306 (10th Cir. 1971). When "a mistake in naming the correct party is 'honest,' there is no additional requirement that the mistake also be 'understandable.' " ***Fairfield Dev., Inc. v. J.D.I. Contractor & Supply, Inc.***, 782 F. Supp. 2d 1205, 1208 (D. Colo. 2011) (citing ***Esposito***, 368 F.3d at 1277).

A defendant must show "tangible" prejudice from changing the named plaintiff. See ***Scheufler v. Gen. Host Corp.***, 126 F.3d 1261, 1270 (10th Cir. 1997) (finding no prejudice where defendant was "well aware" of relevant parties and issues and would not be surprised by joinder); ***Garcia v. Hall***, 624 F.2d 150, 151 n.3 (10th Cir. 1980) (stating that defendants would not be prejudiced by changing named plaintiff because "[t]hey knew the persons and the issues involved before the statute of limitations ran").

Based on the record in the present case, I find that the failure of the plaintiffs to name Infinity Restoration as a plaintiff in their amended complaint [#14] was not an honest mistake and caused prejudice to the defendant. While a mistake need not be understandable to be honest, the Tenth Circuit "d[id] not foreclose the possibility that a party's mistake in naming the plaintiff...could be so inexplicable and irrational as to raise an inference that it was not an 'honest' mistake." ***Esposito***, 368 F.3d at 1276-77. This is such a case.

The terms of the plaintiffs' assignment to Infinity Restoration are pellucid. The record contains no explanation of why Infinity Restoration was dropped as a plaintiff about three-and-one-half-months after this case first was filed. On March 20, 2020, the parties filed their **Joint Status Report Regarding Discovery** [#32]. There, the parties reported that the "Plaintiff did not respond to Defendant's request whether Plaintiffs contend they

6

are the real party in interest, given the apparent existence of an assignment of their claims. Plaintiffs advised they would supplement with a response, but to date have not." *Status report* [#32]. At minimum, the plaintiffs and their counsel were alerted to the standing issue when counsel for American Family inquired about that issue. The plaintiffs provide no explanation of why they have not named a plaintiff who is a real party in interest, even though 21 months have passed since this case was filed. The record shows and I find that the proper party in interest was clear to the plaintiffs and plaintiffs' counsel at least when the status report [#32] was filed, approximately one year ago. At this point, the discovery and dispositive motions deadlines both have passed.

Turning to prejudice, I note that the prejudice which can arise by allowing a third party to join a lawsuit typically involves being "unable to conduct discovery on possible defenses" and not knowing "the relevant parties in th[e] action and what the critical issues would be." **Chung v. Lamb**, No. 14-cv-03244-WYD-KLM, 2018 WL 6429922, at *8 (D. Colo. Nov. 14, 2018) (citing **Garcia**, 624 F.2d at 151 n.3). American Family litigated this case through the close of discovery and then filed a motion for summary judgment. American Family highlighted the standing issue to the plaintiffs, but inexplicably and inexcusably the plaintiffs have not addressed the issue. To allow the plaintiffs to add Infinity Restoration at this late stage, after American Family has expended significant resources, would prejudice American Family by essentially allowing the plaintiffs to start over with a different plaintiff and, ineluctably, more litigation of pretrial issues. I find that American Family, would be prejudiced by the addition of Infinity Restoration at this late stage of the litigation, after the discovery and dispositive motion deadlines have passed.

Ordinarily, a dismissal because the plaintiff is not the real party in interest is without prejudice. See **Ronsick v. Phariss**, 286 F.2d 316, 318 (10th Cir. 1960). However, "where

the failure to name the correct party in interest is the result of deliberately dishonest actions by the person filing the suit, dismissal with prejudice is appropriate." ***Chung***, 2018 WL 6429922, at *10.  I have found that plaintiffs' failure to join Infinity Restoration was not an honest mistake and that defendant would be prejudiced by adding Infinity Restoration to this case.  Additionally, there does not appear to be any prejudice to the plaintiffs from the dismissal of this case with prejudice.  That is true because the plaintiffs have assigned all of their interest in the insurance claim to Infinity Restoration. Therefore, I will grant American Family's motion for summary judgment [#39] and dismiss this case with prejudice.

## V.  CONCLUSION & ORDERS

Viewing the evidence in the record in the light most favorable to the plaintiffs, there is no genuine dispute as to any material fact.  The undisputed facts show that the plaintiffs, Aaron and Karena Williams, are not the real parties in interest concerning the claims asserted in the operative complaint [#14].  Thus, the plaintiffs do not have standing to bring those claims.  Based on the Rule 17 analysis detailed above, I find and conclude that this case must be dismissed with prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant American Family Mutual Insurance Company's Motion for Summary Judgment** [#39] is granted in part and dismissed as moot in part;

2. That summary judgment is granted to the defendant based on the fact that the plaintiffs are not the real parties in interest and do not have standing to assert the claims alleged in the operative complaint [#14];

3. That otherwise, **Defendant American Family Mutual Insurance Company's Motion for Summary Judgment** [#39] is denied as moot;

4. That judgment with prejudice shall enter in favor of the defendant, American Family Mutual Insurance Company, and against the plaintiffs, Aaron and Karena Williams, holding that the plaintiffs are not the real parties in interest and do not have standing to assert the claims alleged in the operative complaint [#14];

5. That any pending pretrial deadlines are vacated;

6. That the defendant is awarded its costs, to be taxed by the clerk in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

7. That this case is closed.

Dated March 30, 2021, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge